## HOADLEY v. HAMMOND ET AL.

1. **Verdict:** NOT CONTRARY TO INSTRUCTIONS. The court instructed the jury that, in order to find for the plaintiff, certain facts must be established by evidence which is "clear, satisfactory and conclusive" *to their minds:—Held* that, though the evidence was conflicting, yet this court cannot say that the jury could not honestly and intelligently, and without bias or passion, have been satisfied *in their own minds* that the evidence sustaining such points was "clear, satisfactory and conclusive," and hence cannot say that the verdict was contrary to the instructions.

2. **Evidence:** FACTS, NOT CONCLUSIONS, TO BE STATED: EXCEPTION TO RULE. While a witness may not be allowed to testify to conclusions, yet if, in the introduction of his testimony, he incidentally states a conclusion necessary to a clear understanding of the facts which he is about to state, this will not be regarded as a violation of the rule.

3. ——: NOT IMMATERIAL BECAUSE WEAK. The fact that evidence bears with little weight and remotely upon the issues, is no ground for excluding it as irrelevant and immaterial. It is sufficient if it clearly *tends* to support the claim of the party offering it.

4. ——: EXCLUSION OF: ERROR WITHOUT PREJUDICE. The erroneous exclusion of an answer made by a witness is no ground for reversal, where the record shows that the fact stated in such answer was established by other testimony.

5. **Judgment:** AGAINST JOINT DEFENDANTS: NO REVERSAL ON APPEAL OF ONE NOT PREJUDICED. Where there was a verdict and judgment against two defendants jointly, and one of them only appeals, he cannot have a reversal on the ground that the judgment against his codefendant was without warrant: for such judgment can work no prejudice to the appellant.

6. **Instructions:** AUTHORITY OF PARTNER: EVIDENCE: NO CONFLICT. Where one instruction recognized the fact that, under an alleged partnership, certain authority may have been vested in one of the alleged partners, and another instruction directed the jury what proof would authorize them to find that such authority did exist by virtue of the partnership, *held* that there was no conflict between the instructions.

*Appeal from Superior Court of Cedar Rapids.*

THURSDAY, JUNE 5.

ACTION at law to recover damages resulting from a violation of a contract entered into by defendants to sell and con-

vey certain lands to plaintiff. The cause was tried by a jury, and a judgment was rendered upon a verdict for plaintiff. Defendant, Hammond, appeals.

*Hubbard, Clark & Dawley*, for appellant.

*Stoneman, Rickel & Eastman*, for appellee.

BECK, J.—I. The plaintiff declares upon a written contract for the sale of the lands therein described, and alleges a compliance on his part with its terms, and a tender of the money which he is required to pay under it, and that defendants refuse to convey to him the lands. The contract is expressed in the following language:

"CEDAR RAPIDS, 4, 17, 1882.

"Received of G. H. Hoadley twenty-five dollars on first payment of west one-half of section 35, and east one-half southeast quarter section 27, all in township 91, range 44, being 400 acres, in Plymouth county, Iowa, which land is this day sold to said G. H. Hoadley at and for the sum of four thousand and one hundred dollars, ($4,100,) on the following terms:—one-third cash, and the balance in three equal payments, to be secured by mortgage, and draw 8 per cent interest, payable annually; title to said land to be perfect and conveyed by warranty deed.

"CHAS. HAMMOND, by J. W. BULL, Agent.
J. W. BULL."

The defendant, Hammond, denies the execution of the instrument, and avers that his signature thereto is spurious, and that J. W. Bull had no authority as his agent to sign the writing. The defendant, Bull, admits all the allegations of the petition, except those pertaining to the amount of damages sustained by plaintiff, and alleges that his co-defendant holds the legal title to the lands, while his own interest therein is equitable, and that he is ready and willing to perform his part of the contract, and has done all he can do to

induce his co-defendant to execute a conveyance for the lands. Other objections of the pleadings need not be recited.

II. We will proceed to notice the objections to the judgment of the court below, urged by Hammond, in the order of their discussion in the printed argument of his counsel.

The plaintiff appears to have claimed upon the trial that Bull was authorized in two ways to execute the contract for Hammond: *First*, by express verbal authority; *Second*, by his authority as a partner, there existing a partnership between these parties under which the lands were held and owned by them. There was evidence tending to support each of these positions, and, on the other hand, there was evidence introduced by Hammond in contradiction thereof.

1. VERDICT: not contrary to instructions.

As applicable to this branch of the case, the court below instructed the jury that Bull's direct and express authority should be established by evidence which must be, to the minds of the jury, "clear, satisfactory and conclusive." Another instruction, applicable to the other theory of plaintiff, that Bull was authorized to make the contract as a co-partner of Hammond, is in these words:

"5. If you find from the evidence that the defendants, Hammond and Bull, entered into a co-partnership for the buying and selling land, and that by the terms of the co-partnership Hammond was to pay for the land, take the title in his own name, and, when the same was sold, after Hammond had received the amount paid for the land, with taxes and interest, the profits were to be divided equally between the parties to the co-partnership, you are instructed that the terms of the co-partnership must be such as would authorize defendant Bull to sell the land in question. The evidence must be clear in your own minds that by the terms of the partnership the authority to sell was so granted. By this is not meant that the evidence must be uncontradicted, but that the co-partnership giving the power to sell must be estab-

lished by a preponderance of testimony clear and satisfactory in your own minds."

Counsel for Hammond insist that the verdict is not supported by evidence of the character contemplated by these instructions, and, as the principles announced therein must be regarded as the law of the case, the verdict ought to have been set aside as being in conflict with the evidence.

It is certainly true that these instructions must be regarded as announcing the law of this case, and in determining it they will be so treated. But we cannot assent to their soundness, and give them recognition as expressing correct rules. We regard them only as applicable to this case, for the reason that it is not in a condition to authorize us to review them.

By these instructions, the court below did not attempt to weigh the evidence for the jury, but simply directed them that, in order to reach certain conclusions, the evidence must be "clear, satisfactory and conclusive" *to their minds.* The jury, under the instructions, were left to determine whether the evidence possessed the qualities described by the instruction. The word "conclusive" is not used in its legal sense as possessing weight and force that cannot be contradicted, but rather in its common acceptation, in which it means "decisive;" "putting an end to debate or question;" "leading to a conclusion or decision."

While the evidence was conflicting, with possibly the strong preponderance in favor of Hammond, (if we should be permitted to express our opinion upon that point,) we cannot say that the jury honestly and intelligently, without bias or passion, could not have been satisfied in their own minds that the evidence in support of their verdict was "clear, satisfactory and conclusive." To authorize us to reverse the decision of the court below upon this point of the case, we should so find. We must regard the verdict as not in conflict with the law of the case, as announced by the instructions above considered.

III. The defendant, Bull, was a witness for plaintiff. After stating that he wrote and signed the contract, he was asked, "What authority, if any, did you have to sign the name of Charles Hammond?" He answered, "I had direct authority, and also general authority by reason of the relation between Hammond and myself." To this part of the answer Hammond objected, and moved to strike it out, on the ground that it gave a conclusion of the witness. The objection was overruled, and thereon counsel base an objection to the judgment. The witness in the succeeding part of his answer to the question proceeded to testify to verbal authority given him by Hammond to enter into the contract, and also to a partnership existing between him and Hammond in the ownership of the lands, under an agreement that the lands should be purchased with money to be furnished by Hammond, and the title held by him, and that Bull should have a certain part of the profits in consideration of his services in the purchase and sale of the lands. The words of the witness objected to seem only to have been introductory to the rest of his testimony on the subject contemplated by the question. He could hardly have indicated in the beginning of his answer that he based his claim of authority upon two grounds, which was quite proper in order to an understanding of his testimony, without using the language in question, or other words of the same import.

*2. EVIDENCE: facts, not conclusions, to be stated : exception to rule.*

Suppose he had replied to the question, "I had direct and general authority,—as appears by the papers I produce," and thereupon offered writings in support of his authority, could it be claimed that the court would have erred by refusing to strike out the words just stated? Surely not. This supposed case in no respect differs in facts from the case under consideration. While a witness cannot be permitted to testify to a conclusion of fact, yet if he incidently states a conclusion necessary to a clear understanding of his testimony, this will not be regarded as a violation of the rule.

IV. The testimony of a witness, Oberhaltzer, introduced

·by plaintiff, was objected to on the ground of irrelevancy and

**3. ——: not immaterial because weak.** immateriality. We think the evidence, in some degree at least, tends to show that both Bull and Hammond were interested in the purchase of the lands,—a fact which goes to support the theory that they were partners. The evidence in effect shows that, while exploring for land to purchase, about the time the land in question was selected and purchased, their conversation with each other, or the declarations of one in the presence of the other, tended to show that they were seeking for lands to purchase, the profits of which should be shared by Bull. While some of the facts stated by the witness may be regarded as extraneous to the issue, yet they seem to introduce and make intelligible and apply the facts intended to be elicited. We conclude that the court below did not err in overruling the objections to the testimony of the witness. The testimony of another witness, Meyers, was of a character quite similar to the evidence of Oberhaltzer, and was objected to by Hammond. The objection was rightly overruled. The fact that the evidence complained of bore with little weight and remotely upon the issues of the case, was no ground for excluding it from the jury. It clearly *tended* to support the claims of plaintiff, and was, therefore, competent.

· V. The deposition of a witness, Bowman, was offered by Hammond. In one interrogatory, he was asked to state if

**4. ——: exclusion of: error without prejudice.** he knew the value of certain lands involved in this controversy. Instead of answering affirmatively, he states the value. The answer was stricken out as irresponsive. This action of the court is made the ground of complaint. Even if it should be regarded as erroneous, it would be without prejudice, for the reason that substantially the same facts stated in the answer stricken out were repeated in another answer read in evidence. This point demands no further attention.

VI. An instruction authorized the jury to find a verdict against both of the defendants jointly. It is the ground of

**5. JUDGMENT against joint defendants: no reversal on appeal of one not prejudiced.** an objection urged upon our attention. If the jury found that Bull was authorized, either as a partner or an agent, to sign the contract, both of the defendants were liable thereon, and, in order to find that Hammond was liable, the jury must have found that the contract was executed under authority sufficient to bind him. Counsel for Hammond claim that recovery could not have been had against Bull, if Hammond is liable, for the reason that he declares in his answer, and shows, that he is ready and willing to perform the contract. This position is more than doubtful; but let it be admitted for the purpose of the argument. The error now under consideration consists in the verdict and judgment against Bull. But, if it is an error, it is without prejudice against Hammond, who alone appeals. He would suffer no prejudice, if he alone is liable, by a judgment which makes another liable with him. It is said that the instruction now under consideration is in conflict with others. But, on whatever ground it may be held to be erroneous, the verdict against both defendants jointly would not be prejudicial to Hammond.

VII. An instruction given to the jury upon the request of plaintiff is claimed by defendants' counsel to announce **6. INSTRUCTIONS: authority of partner: evidence: no conflict.** the rule that the existence of the partnership, if found, would of itself authorize them to find that Bull had authority to sell the land. This instruction, it is insisted, is in conflict with another, the fifth given upon the court's own motion, wherein the jury are directed that they cannot base Bull's authority upon the co-partnership, unless by its terms he was clothed with such authority. The instructions considered together do not conflict. The one first above referred to holds that, if the jury find the authority to exist by virtue of the partnership, private directions from Hammond to Bull would not affect plaintiff's rights. This instruction recognizes the fact that, under the partnership, the authority may have existed, while the other instruction directs the jury what proof would au-

thorize them to find that it did exist by virtue of the partnership. The foregoing discussion disposes of all questions considered by counsel. In our opinion the judgment of the court below ought to be

AFFIRMED.