81   692
107  548

C. SAX & BRO., Appellees, v. A. J. DAVIS, Appellant.

1. **Sale: AGENCY: EVIDENCE.** It being sought to charge the defendant herein with the value of goods sold and delivered to another, under the belief that such person was defendant's son, and that the goods were purchased by him as defendant's agent, *held*, that it was competent for the defendant to testify, that the person to whom the sale was made was not his son, and that he had not recognized him as such.

2. ——— : ——— : ———. The defendant having testified that one N. had the control and management of his farm, *held*, that it was competent for him to testify that N. had no authority to purchase goods on his credit, nor to authorize others to do so.

3. ——— : EVIDENCE. In an action to recover for goods sold and delivered to one at a place named, testimony by the defendant that he never purchased any goods from the plaintiffs at the place named or elsewhere is competent.

4. **Agency: DECLARATIONS OF AGENT.** The fact of agency cannot be proven by the admissions or declarations of the person claimed to be an agent.

*Appeal from Van Buren District Court.*—HON. DELL STUART, Judge.

TUESDAY, JANUARY 27, 1891.

ACTION upon an account for goods sold and delivered. There was a trial by jury, and a verdict and judgment for the plaintiffs. The defendant appeals.

*S. S. Carruthers*, for appellant.

*Sloan, Work & Brown*, for appellees.

ROTHROCK, J.—I. This cause was appealed to this court by the defendant at a former term, and the judgment was reversed. 71 Iowa, 406. The second trial was upon the same issue, and resulted the same as the first. It will be observed from

1. SALE:agency: evidence.

the statement of the case in the opinion on the former appeal that, in order to sustain the action, it was necessary for the plaintiffs to prove that T. J. Davis was authorized by the defendant to purchase the goods on the defendant's credit. It is not claimed that the goods were charged to the defendant when they were purchased. . On the contrary, it is conceded that in the account, as it appears on the books of the plaintiffs, the goods were not charged to the defendant, but they were charged to T. J. Davis. There is no evidence of any express promise by the defendant to pay for the goods, and no direct evidence that he authorized T. J. Davis to purchase them on his credit. The verdict of the jury, so far as it is sustained by evidence, is founded upon facts and circumstances which it is claimed establish the fact that T. J. Davis was the agent of the defendant, and that by virtue of such agency he purchased the goods for the defendant.

It appears that there was a rumor in the neighborhood of the farm of the defendant to the effect that T. J. Davis was a son of the defendant, and one of the plaintiffs was permitted to testify that the defendant was supposed to be the father of T. J. Davis; but this was not permitted to go to the jury as tending to establish the claimed agency. The evidence was admitted to go to the jury as preliminary. It is claimed that this was error. It may be that, if this were the extent of the court's ruling upon the relationship of the parties, we might say that the ruling was without prejudice. But the defendant's deposition was offered in evidence in his behalf, and he was asked on cross-examination this question: "You are the father of T. J. Davis, are you not?" The answer was: "No." He was then asked: "You have recognized him as your son, have you not?" The answer was: "No." These answers were excluded, on the objection of the plaintiff, because they were incompetent. It is quite apparent that the rulings of the court should be consistent with each other. We think that if T. J. Davis was the son of the defendant,

and made the purchases while engaged in the management of his father's farm, it would be a circumstance proper to be shown, not by mere rumor, but by competent evidence, and it was surely competent for the defendant to show that no such relationship existed.

II. The defendant was further interrogated in said deposition as follows: "What authority, if any, did Nelson have to purchase goods of anyone on your credit, or to authorize anyone else to?" The answer was as follows: "None." This was objected to by plaintiffs as incompetent, and the objection was sustained. This was prejudicial error. The defendant claimed all through his evidence that one Nelson had the control and management of his farm, and it was surely competent for him to show that Nelson had no authority to purchase goods on defendant's credit, nor to authorize any other person to do so.

2. The same.

III. It further appears in the deposition that the defendant was asked this question: "State whether you ever purchased any goods of the plaintiffs at Ottumwa, Iowa, or elsewhere." The question was objected to by plaintiffs as calling for a conclusion, not answering any testimony, and incompetent. The objection was sustained. The answer to this interrogatory was to the effect that defendant had made no such purchase, and that he at no time authorized T. J. Davis to purchase goods of plaintiffs on defendant's credit. If the answer is true, the defendant was not liable to the plaintiffs for the goods. We think the ruling in sustaining the objection to the question was erroneous. It is true the question is somewhat comprehensive; but it did not necessarily call for a conclusion of the witness, and the answer is not in the nature of a conclusion. If there is any semblance of ground of objection to the evidence it should have been directed to the answer to the question as not responsive, rather than to the question. But we think that even that objection would not have been good.

3. —— : evidence.

IV. In view of a new trial, it is proper to say that the letter, "Exhibit E," on page 8 of the abstract, is

<div style="margin-left:1em">4. AGENCY: dec-<br>larations of<br>agent.</div>

not competent evidence in the case for any purpose. It tends to show the claimed agency by the declaration of the agent, and we need not cite authority in support of the proposition that agency cannot be established by the admissions or declarations of the person claimed to be an agent. There is some doubt, however, whether the introduction of this letter as evidence was properly objected to by the defendant.

V. We have examined the other alleged errors in the rulings, or the admission and exclusion of evidence, and are of opinion that the objections to such rulings are without merit. The instructions to the jury, and the refusal to give the instructions asked, ought not to be the subject of complaint. The trial, in these respects, appears to us to have been conducted without any valid objection.

For the errors above mentioned the judgment of the district court is REVERSED.