MARY E. ROOT *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.     March 19, 1903. — May 22, 1903.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Practice, Civil,* Exceptions.   *Witness,* Cross-examination, Credibility.

The limits of cross-examination imposed in this case were within the discretion of the presiding judge.

Under Rule 48 of the Superior Court a request for an instruction after the charge to the jury has been given comes too late.

No exception lies to the exclusion, on the cross-examination of a medical expert, of a question calling for his opinion as to whether two medical experts of equal skill on examining the case might not come to different conclusions.

There is no rule of law that if a witness is found to be false in any part of his testimony the presumption is that he is false in all. The credibility of a witness is wholly for the jury.

TORT for personal injuries, including a displaced or detached kidney, alleged to have been caused by a collision of two electric cars of the defendant in one of which the plaintiff was a passenger. Writ dated March 19, 1900.

At the trial in the Superior Court before *Fessenden*, J., it appeared that the accident occurred on September 10, 1899, at about 10.30 A. M. The plaintiff was seated on the third seat from the front of an open car, which was run into by a car from behind as it was entering the subway in Boston. By the force of the collision the plaintiff was thrown forward against the seat in front and then backward against the back of the seat on which she was sitting. The liability of the defendant was admitted at the trial.

The jury returned a verdict for the plaintiff in the sum of $15,000; and the defendant alleged exceptions.

*M. F. Dickinson & R. A. Sears*, for the defendant, submitted a brief.

*H. W. Ogden*, for the plaintiff.

BRALEY, J. The exceptions of the defendant are to the exclusion and admission on cross-examination of certain evidence, and to the refusal to rule as requested, to which the short and concise answer is that whether the questions put should have been excluded or answered was a matter wholly within the discretion of the presiding judge and not a matter of exception. *Commonwealth* v. *Shaw*, 4 Cush. 593, 594. And the request for a ruling came too late, under Rule 48 of the Superior Court, not having been called to the attention of the judge until after the instructions to the jury had been given.

But if the exceptions are treated as properly before us, they show no error of law at the trial.

1. The question put to Dr. Smith was rightly excluded.* . He

---

* This witness having testified as an expert for the plaintiff was asked on cross-examination the excluded question, as follows : " Is it a fact that two

was not called upon to say what the views of other surgeons might be, or as an expert to determine whether medical men would not differ in opinion when asked about the effect on the health of the individual of certain physical conditions.

It appears that the plaintiff did not call Dr. Scudder as a witness, who, previously to the trial, at her request, made an examination of her physical condition; and the defendant then called him. His testimony, it may be inferred, was not wholly favorable to the plaintiff's contention as to the extent of her injuries, and it was proper to ask him on cross-examination as to how far he required from a patient a full disclosure of symptoms and history of the case. This would be necessary to furnish data on which to base an opinion. And it cannot be said that the further question, as to whether he disclosed the information thus obtained to other persons, was outside the limits of a reasonable cross-examination; and the answer given did not tend in any way to prejudice the defendant's case.

2. The ruling requested, that if the plaintiff had knowingly testified falsely as to her age the jury might reject her evidence as not being worthy of belief, was fully covered by the instruction given and was sufficiently favorable to the defendant. It would not be correct in law to say that if the plaintiff as a witness was found to be false in any part of her evidence then the presumption would be that she was false in all. Her credibility as a witness was wholly for the jury before whom she had given her evidence. *Commonwealth* v. *Clune*, 162 Mass. 206, 215.

*Exceptions overruled.*

surgeons examining this case of detached kidney as explained, surgeons of equal eminence and ability and skill and experience, of equal integrity and honesty, looking at the case and examining it, manipulating it, might honestly come to different conclusions as to whether she had a detached kidney or not?"