(89 App. Div. 365.)

SPOR v. GRAU.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. ATTORNEY AND CLIENT—MONEY DEPOSITED WITH ATTORNEY—AGENCY—
    EVIDENCE.
        Defendant, who had previously acted as plaintiff's attorney, requested plaintiff to sign a bail bond for a client, and told plaintiff that such client would deposit $500 cash for plaintiff's protection. Plaintiff thereafter signed the bond and received the money, which he afterwards turned over to defendant. Held, in an action against defendant to recover the money so deposited, that evidence tending to prove that defendant was plaintiff's lawyer, and that plaintiff had confidence in him, was admissible on the question of defendant's agency in receiving the money.

2. SAME.
        Evidence as to what defendant said he would do with the money when it was deposited with him, together with the circumstances under which the money was repaid to the principal in the bail bond, was admissible.

Appeal from Municipal Court of City of New York.

Action by George Spor against Frederic W. Grau. From a municipal court judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before BARTLETT. JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Adolph Feldblum, for appellant.
Frederic W. Grau, in pro. per.

HIRSCHBERG, J.　The plaintiff sues to recover the sum of $500, which he alleges was deposited with the defendant, as his attorney and as his security for the giving of a bail bond, at the defendant's request.　It is not clear from the return whether the plaintiff has a good cause of action for the return of the money, but so much evidence having a material bearing upon the solution of that question was rejected upon the trial that a new trial is necessary in the interests of justice.

The dismissal of the complaint appears to have been based chiefly, if not wholly, upon the belief on the part of the trial court that no agency was established in relation to the transaction tending to indicate that the defendant was acting on the plaintiff's behalf in the receipt of the money.　It was undisputed, however, that the defendant did ask the plaintiff to sign the bail bond in question for a client named Scheich, and that he told the plaintiff that Scheich would put up $500 cash for the plaintiff's protection.　The plaintiff signed the bond and himself received the money, which was afterwards turned over to the defendant under terms and conditions which, under the rulings of the trial court, were not disclosed.　It further appears that the plaintiff's liability upon the bond was subsequently terminated, but whether this was done without payment by the plaintiff does not appear, for the reason that evidence which it is claimed was offered for the purpose of showing that the plaintiff was obliged to and did make such payment was rejected.

On the question of agency it was error to prohibit the plaintiff from proving that the defendant was his lawyer, hired by him to act in his legal business.　Questions designed to elicit this evidence were excluded as calling for conclusions, and on the same ground evidence was excluded to the effect that the plaintiff had confidence in the defendant.　It was clearly error to prevent the plaintiff from testifying as to what the defendant said he would do with the money when it was deposited with him.　The nature of the engagement made by the defendant at that time would seem to be controlling in the disposition of the controversy.　It was also error to prevent the plaintiff from proving by Scheich the circumstances under which the $500 was repaid to him.　It is conceded that it has not been repaid by the defendant, and there are indications in the return that it was repaid by the plaintiff under legal compulsion in an action brought by Scheich against him.

There are other errors in ruling which would probably not be repeated upon a new trial, but, without expressing any opinion on the merits of the case, we think those herein referred to are sufficient to require a reversal.

The judgment should be reversed, and a new trial ordered

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event.　All concur.