VAUGHAN'S SEED STORE, A CORPORATION ORGANIZED UNDER THE LAWS OF ILLINOIS, *Plaintiff in Error*, v. J. D. STRINGFELLOW, *Defendant in Error*.

1. While the opinion of a witness, or a conclusion drawn by him from facts, is not admissible evidence, yet an incidental statement of a conclusion that is merely introductory of the facts and circumstances showing the means and sources of his knowledge will not be regarded as a violation of this rule.

2. Testimony tending to prove allegations of the declaration is not immaterial.

3. A person is not liable in damages for the remote consequences of his act or for conjectural consequences. Damages to be re-

Vaughan's Seed Store v. Stringfellow.—Syllabus.

coverable must be both the natural and proximate consequence of the wrong complained of.

4. Where one sells seed under a warranty and the seed produces a crop not harmful to the land, but of a poorer character, or of an inferior quality and less value than would have been produced had the warranty been fulfilled, the measure of damage is the value of the crop of the true product such as the seed was warranted to produce and such as would have ordinarily been produced that year, less the expense of raising it, and less also the value of the crop actually raised from the seed delivered.

5. Where one sells seed under a warranty and the seed bought prove to be worthless, that is where they wholly fail to germinate or grow after having been planted and no crop results from planting the seed delivered, the only damages recoverable are the price paid for the seed, the expense in preparing the soil for the seed and for planting the same, together with the loss sustained from having the land lie idle for the year, or for such time as the use of it was lost.

6. In an action for damages where the plaintiff sees fit to forego an element of his damages and only asks for a part of what he may recover the defendant cannot complain, either of this omission on the part of the plaintiff or of the action by the court in permitting proof of a part only of what the plaintiff may recover.

7. Where an objection to a question which is afterwards answered by the witness is sustained and the court does not strike the answer or withdraw same from the jury's consideration, and the defendant had the benefit of their testimony, he was not harmed by and cannot complain of the court's ruling.

8. The court commits no error in sustaining objections to questions that were not in cross of the examination in chief.

9. Objections that a question was irrelevant and immaterial and has nothing to do with the case are too general and were properly overruled.

10. There was no error in the court's sustaining an objection to the question, "Isn't there a paper usually in the top of the bag

like that," where the witness testified that he opened the bag of seed and there was no such paper.

11. Permitting a witness to state as his opinion that cucumber seed were cultivated in the usual and customary manner in his locality is not reversible error where he has already stated with the greatest fullness all the methods and details of the planting and cultivation of these seed and the witness had had nine years experience in the planting and growing of cucumbers.

12. Several rulings in regard to the admission or exclusion of evidence should not be joined in one assignment, for if any of the rulings complained of is correct the assignment must be overruled.

13. Hearsay evidence is properly excluded.

14. Objection to the offer in evidence of "a drawn off statement from the stock book" was properly sustained, where the witness has the original stock book in his possession.

15. Where original orders for cucumber seed to be shipped to plaintiff are offered in evidence by the defendant to show that the plaintiff had knowledge of a disclaimer of warranty thereof and said orders do not contain any such disclaimer, their exclusion is not reversible error.

16. Where the relevancy of a question propounded to a witness is not apparent and there is no offer to make such relevancy to appear, the court may refuse to permit the witness to answer the question.

17. Where one assignment of error groups the court's ruling upon objections to several questions and answers in the deposition of a witness and the court properly sustained the objection to one of such questions, the appellate court will not consider the other objections.

18. Under a plea which alleged that the seed were sold subject to the custom of seed merchants in the seed trade in the city and State of New York, the court properly sustained an objection to testimony going to prove the custom of seed merchants generally and there was no tender of proof that the plaintiff had knowledge of any such custom.

19. Where the expression of opinion upon an article written by another in relation to the mixing of cucumber and other vine seeds calls for the opinion of the witness upon what at best is but hearsay testimony, the court properly excluded the same.

20. Where the transcript of the record does not sustain the assignment, no error is made to appear.

21. The plaintiff may testify that a certain person was never employed by him as his agent to purchase seed for him.

This case was decided by Division B.

Writ of Error to the Circuit Court for Alachua County.

## Statement.

The defendant in error, who will be known elsewhere in this opinion as "the plaintiff," sued the plaintiff in error in an action of assumpsit. The declaration contained the common counts and a special count, which is in part as follows:

"For that whereas, on the first day of January, A. D. 1905, the plaintiff being a truck farmer, operating at and in Alachua county, Florida, and the defendant corporation being a dealer in seeds, and offering and guaranteeing to furnish seeds for the growth of a certain quality of cucumbers, to-wit: The Arlington White Spine cucumber, the plaintiff then and there purchased from the defendant, and the defendant sold and delivered to the plaintiff fifty (50) pounds of said Arlington White Spine cucumber seed at eighty cents ($0.80) per pound, aggregating forty dollars ($40.00) and the plaintiff paid the defendant for said seeds, the same to be used by the plaintiff in the planting of his crop of cucumbers at and in Alachua county, Florida.

And the plaintiff further says that believing the same to be good cucumber seeds, and that would yield and produce as represented and guaranteed by the defendant, received the said seeds and planted the same, but the said seeds did not yield and produce the kind and quality of cucumbers as represented and guaranteed by the defendant, but on the contrary, yielded and produced a quality and kind of cucumbers that would not sell in the market, and that were rejected and refused by dealers, and declared by all dealers who handled them to be absolutely worthless. And the plaintiff, before and since that time, incurred large expense and damage in the purchase of said seed, in the clearing of the land, breaking the sub-soil and harrowing the same, planting and re-planting the seed, fertilizing the same, working the crop, piping and preparing for irrigation, irrigating the crop, and other necessary expenses incident to the preparation and cultivation of the said crop, all of which was a total loss to the plaintiff, and thereby the plaintiff was injured by reason of the said defective seeds, and by reason of the fact that the cucumbers produced and yielded from the said seed were absolutely worthless and unfit for sale and for shipment, in the sum of $1950.00, and therefore he brings this suit, and claims damages against the defendant in the said sum of $1950.00."

The bill of particulars, filed with the declaration, is as follows:

"Vaughan's Seed Store,
          In account with J. D. Stringfellow, for
Clearing up 22½ acres of land ready for plow,
    $3.00 per acre, .........................$  67 50
Breaking, subsoiling, harrowing same, $5.00
    per acre, .......... ...................   112 50
Seed,........... ........... ............. ..    40 00

| | | |
|---|---|---|
| Planting and replanting, .................... | 40 | 00 |
| Fertilizer, hauling and distributing same, $40 per acre, ........... .................. | 900 | 00 |
| Working crop, $5 per acre, ....... | 112 | 50 |
| Piping and preparing for irrigating, $10 per acre, ......... ... ....... .... ....... | 225 | 00 |
| Irrigating the crop, $5.00 per acre, ......... | 112 | 50 |
| Putting up and tearing down frames on four acres, and wear of cloth, ................. | 190 | 00 |
| Salary of superintendent, ................ | 150 | 00 |

$1950 00"

The defendant filed six pleas: The first was a plea of not guilty; the second plea was to the effect that the seeds sold were not guaranteed in any way, but were sold by the defendant to the plaintiff subject to a written condition known to the plaintiff, which was printed in and upon the bills, orders and addresses of the parties and placed also upon a slip put in each parcel or bag of seeds sold by the defendant and all of which the plaintiff had full notice, the language of which was as follows: "We give no warranty, express or implied, as to description, quality, productiveness or any other matter of any seeds, bulbs or plants we send out and we will not be in any way responsible for the crop. If the purchaser does not accept the goods on these terms, they are at once to be returned. Vaughn's Seed Store.

The plea further alleged that the said plaintiff, knowing that the sale of Vaughn's Improved Arlington White Spine Cucumber Seed was made to him subject to the condition aforesaid, received the seed so sold in the declaration set forth and accepted same subject to the aforesaid condition and did not return or offer to return the said seeds.

The third plea alleged that the seed were sold subject to the custom of seed merchants in the seed trade in the city and State of New York, which custom is that the sales of seeds are made subject to the disclaimer, as set forth in the second plea.

In the fourth plea, defendant alleges that the plaintiff neglected to properly plant and cultivate the seed in the ordinary and usual manner of planting such seed in Alachua county, and that the fault of the failure of the crop was due to the cultivation of the said seed and its product, and defendant is not obligated to the plaintiff by reason of the contract and became in no wise liable for any damages.

In the fifth plea, defendant alleges that the sale of seed in the declaration mentioned was made through one W. S. McDowell, an agent of the plaintiff, who sent to defendant an order on behalf of plaintiff to ship to plaintiff the said fifty pounds of cucumber seed of the variety known as Vaughn's Improved Arlington White Spine; that said order bore upon its face a N. B. notice as follows: "This order is taken subject to approval by Vaughn's Seed Store, which approval will be acknowledged by mail," and upon its back a notice that Vaughn's Seed Store did not accept any responsibility in reference to same; that an acceptance of said order was duly mailed in a stamped envelope addressed to plaintiff at Gainesville, Florida, containing the following statement: "We Do not Warrant. While we always aim to have the best seeds and bulbs, roots and like stock from the most reliable growers, we give no warranty expressed or implied, nor do we guarantee the seeds, bulbs or plants supplied by us, nor will we be in any way responsible for the crop either as to varieties or product, nor do we guarantee the successful flowering of any bulbs, or that plants which

are grown from same will be free from disease. If not accepted on these terms these goods must be returned at once and any money paid for the same will be refunded. We assume no responsibility for deliveries delayed or prevented by reason of war. Vaughn's Seed Store." That on the 31st day of December, 1904, the defendant shipped to the plaintiff the said seed of the variety aforesaid in a seamless bag; that within the bag and on top of said seed was a written notice of no warranty, express or implied, as to description, quality, productiveness or any other matter of seed sent out, and that defendant will not be responsible for the crop; that a bill for said seed was duly mailed on the 3rd day of January, 1905, to plaintiff, containing notice of no warranty of said seeds, and that no complaint would be entertained unless made within five days after receipt of goods; that said plaintiff received said bill and paid same, and had notice of contents thereof; that said bag of seed with the said notice, was duly delivered to plaintiff, and defendant avers that if the said seed so sold and delivered subject to the said "disclaimer" failed to produce Vaughn's Improved Arlington White Spine cucumbers such failure was due to the improper care or want of care in the plaintiff's own negligence and not to defects in the seed furnished.

There was a sixth plea similar to the fifth plea.

The parties went to trial, and the jury found for the plaintiff $950.00. Final judgment was entered for the plaintiff and the defendant sued out a writ of error.

*Carter & Layton & Baker, Matheson & Baxter,* for plaintiff in error.

*W. S. Broome and W. W. Hampton,* for defendant in error.

PARKHILL, J.—(*After stating the facts.*)—The plaintiff J. D. Stringfellow, testified as·a witness in his own behalf. His counsel asked ·him this question: "Mr. Stringfellow, did you make any purchase about the first of January, 1905, from the defendant corporation?" The witness answered: "I gave an order, * * * I met Mr. McDowell, of the Vaughn Seed Store, ———" To this answer the defendant objected and moved to strike the same, because the answer assumed that W. S. McDowell was the agent of the Vaughn Seed Store, while the fact of such agency was put in issue by the pleadings. The objection was overruled and the motion denied. This ruling is made the basis of the first assignment of error.

The court committed no error in this ruling. The answer of the witness did not assume or disclose the agency of McDowell. As we read this answer, it was merely introductory to the subsequent statement, by the witness, of the facts and circumstances of the agency of McDowell and the means and source of knowledge of the witness. Hoadley v. Hammon, 63 Iowa 599, 19 N. W. Rep. 794; Talladega Ins. Co. v. Peacock, Adm'r, 67 Ala. 253. Any possible error was rendered harmless by the subsequent testimony of L. W. Wheeler, manager of the New York office of the Vaughn Seed Store, who testified in behalf of the defendant that "during the year 1904, we made arrangements with Mr. McDowell to sell seed for us on commissions. * * * Mr. McDowell took an order from J. D. Stringfellow, the plaintiff in this suit, upon the Vaughn Seed Store." McCallum v. Driggs, 35 Fla. 277, 17 South. Rep. 407.

The witness Stringfellow testified that he gave Mc-Dowell "an order for these seed on the 26th day of September, 1904, to be shipped on January 1st, 1905. I purchased fifty pounds of seed." The witness was asked,

"What kind of seed?" He answered: "I purchased Arlington White Spine Cucumber seed." The question and answer were objected to and the defendant moved to strike the answer, because it was "immaterial and irrelevant and not in proof of any of the allegations of the declaration." This is the basis of the second assignment.

The declaration alleged that the plaintiff purchased from the defendant, and the defendant sold and delivered to the plaintiff, Arlington White Spine Cucumber seed. But counsel argue "that the kind of seed he got was admitted, and that it was immaterial and should not have been testified to." Testimony tending to prove allegations of the declaration is not immaterial. Even though the declaration admits the contention of the defendant that the plaintiff bought and the defendant delivered Arlington White Spine Cucumber Seed, we fail to see how the defendant was harmed by proof of allegations of the declaration in harmony with the contention made by defendant. This assignment is without merit.

Counsel for plaintiff asked the witness Stringfellow the following question: "Did these cucumber vines resulting from the planting of these particular seed produce the Arlington White Spine Cucumbers?" The witness answered: "They did not produce any Arlington White Spine cucumbers at all." The defendant objected to the question and moved to strike the answer thereto on the ground that the plaintiff admits in his declaration that he purchased Arlington White Spine cucumber seed and received the same, and as being irrelevant and immaterial. The court overruled the objection and denied the motion to strike, and this made the basis of the third assignment of error.

This assignment is without merit. The testimony was proper. It tended to prove the plaintiff's case. The dec-

laration alleged that the defendant "offering and guaranteeing to furnish seeds *for the growth of a certain quality* of cucumbers, to-wit: the Arlington White Spine cucumber, the plaintiff then and there purchased from the defendant, and the defendant sold and delivered to the plaintiff fifty (50) pounds of said Arlington White Spine cucumber seed at eighty cents per pound, aggregating forty dollars, and the plaintiff paid the defendant for said seeds, the same to be used by the plaintiff in the planting of his crop of cucumbers at and in Alachua county, Florida. And the plaintiff further says that believing the same to be good cucumber seeds, and that they would yield and produce as represented and guaranteed by the defendant, received the said seeds and planted the same, *but the said seeds did not yield and produce the kind and quality of cucumbers as represented and guaranteed by the defendant,* but on the contrary, yielded and produced a quality and kind of cucumbers that would not sell in the market, and that were rejected and refused by dealers, and declared by all dealers who handled them to be absolutely worthless." No attack was made on the declaration by demurrer or otherwise. From the allegations in the declaration, we understand that the plaintiff bought and received from the defendant, Arlington White Spine cucumber seeds; that the defendant guaranteed said seeds would grow or produce Arlington White Spine cucumbers, but said seeds did not produce the kind and quality of cucumbers as represented and guaranteed by the defendant, which of course was the Arlington White Spine cucumber.

In support of his case it was proper for the plaintiff to prove, if he could do so, that the Arlington White Spine cucumber seeds bought by him did not produce the Arlington White Spine cucumber. The other ob-

jection that testimony was irrelevant and immaterial is too general to be considered. Neither can this court consider the argument of counsel based upon the conditions printed upon the order for the seed, which order was not before the court when the question now being considered was propounded and ruled upon. What we have said here disposes of the fourth assignment of error also.

The 5th, 6th, 7th, 8th, 52nd, 53rd, 54th and that part of the 56th assignment based upon the refusal of the court to give the 25th instruction requested by the defendant may be considered together. They all relate to the measure of damage. The plaintiff, Stringfellow, and his witnesses Beville and Tenley were permitted to state the cost of the seed, the expense incurred by the plaintiff in planting, cultivating and irrigating the crop. The defendant objected to this proof, contending that the measure of damage should have been the difference between the value of the crop that would have been raised had the seed been as represented, and the value of the crop which was actually raised. The theory of the plaintiff is that the measure of his damage is the purchase money of the seed with interest and the expense incurred in preparing the land, in planting the seed and compensation for any other expenditures for labor necessary in irrigating and making the crop of cucumbers.

As will be seen by looking at the declaration, the plaintiff complained because the seed purchased by him did not yield and produce the kind of cucumbers as represented and guaranteed by the defendant, but, on the contrary it is alleged, the seed produced a kind and quality of cucumber that was absolutely worthless and would not sell in the market. "And the plaintiff, before and since that time, incurred large expense and damage in the purchase of said seed, in the clearing of the land,

breaking the subsoil and harrowing the same, planting and replanting the seed, fertilizing the same, working the crop, piping and preparing for irrigation, irrigating the crop, and other necessary expenses incident to the preparation and cultivation of the said crop, all of which was a total loss to the plaintiff."

It may be stated as a general rule that the party is entitled to compensation for an injury to his person, in his property or in his reputation. There is another general rule, that a person is not liable in damages for the remote consequences of his act or conjectual consequences. Damages to be recovered must be both the natural and proximate consequence of the wrong complained of. The wrong doer must answer in damages for those results injurious to other parties, which are presumed to have been within his contemplation when the wrong was done.

The defendants engagement was that the seed sold was the Arlington White Spine cucumber seed and would produce Arlington White Spine cucumbers. The natural consequence of a breach of such a warranty would be a crop of cucumbers different in kind and quality from that guaranteed by the defendant. Where, then, the seed produces a crop not harmful to the land, but of a poorer character, or of an inferior quality, and less value than would have been produced had the warranty been fulfilled, the measure of damage is the value of the crop of the true product such as the seed was warranted to produce and such as would ordinarily have been produced that year, less the expense of raising it and less also the value of the crop actually raised from the seed sold; or, in other words, the measure of damage would be the difference between the market value of the crop raised and the crop from the seed ordered. 30 Am. & Eng. Ency.

Law (2nd ed.) 219; Wolcott v. Mount, 36 N. J. L. (7 Vroom) 262, S. C. 13 Am. Rep. 438; White v. Miller, 71 N. Y. 118; Passinger v. Thorburn, 34 N. Y. 634; Depew v. Peck Hardware Co., 105 N. Y. Supp. 390.

Where a crop, though of inferior quality is raised from the seed, the means would be furnished to enable the jury to make a proper estimate of the injury resulting from the loss of profits of this character, and prospective profits are allowed.

Where the seed bought prove to be worthless, however, that is where they wholly fail to germinate or grow after having been planted, and no crop results from the wrong seeds, the evidence of the probable produce of the right seeds in the land and the year in question would be lacking; and the rule that the plaintiff must establish the quantum of his loss, by evidence from which the jury will be able to estimate the extent of his injury, will exclude all such elements of injury as are incapable of being ascertained by the usual rules of evidence to a reasonable degree of certainty. In such a case, therefore, the only damages recoverable are the price paid for the seed, the expenses in preparing the soil for the seed and for planting the same, together with the loss sustained from having his land lie idle for the year, or for such time as the use of it was lost. 30 Am. & Eng. Ency. Law (2nd ed.) 219; Shaw v. Smith, 45 Kan. 334, 25 Pac. Rep. 886, 11 L. R. A. 681; Butler v. Moore, 68 Ga. 780; Reiger v. Worth, 127 N. C. 230, 37 S. E. Rep. 217, 52 L. R. A. 362, 80 Am. St. Rep. 798.

The instant case as made by the pleadings and the proof, falls within the first class of cases, where the seed received from the defendant produced a crop of cucumbers, but a crop of an inferior quality and of less value than would have been produced had the warranty been

Fla.—46

complied with. Indeed, the crop was not marketable. The measure of recovery in this case then would be the difference between the market value of the crop raised and the same crop from the seed ordered. The plaintiff, however, in his declaration, does not claim prospective profits, and the proof made and objected to only goes to the cost of the seed and the expenses of planting and the rental value of the land. The plaintiff, therefore, claimed and tried to prove less than he would be entitled to recover. In either case, whether the seed failed entirely to sprout and make a crop, or grew and made a crop of cucumbers of an inferior quality, the plaintiff would be entitled to recover at least the actual expenses of planting the seed and the rental value of the land, for these expenses would be considered in a recovery of prospective profits. Therefore, if the plaintiff sees fit to forego an element of his damages and only asks for a part of what he may recover it is only his loss and the defendant cannot complain, either of this omission on the part of the plaintiff or of the action by the court in permitting proof of a part only of what the plaintiff may recover.

The ninth assignment predicates error upon the court's sustaining plaintiff's objection to the following question propounded by defendant to the witness Stringfellow: "Who is the man who opens your seed for you?" The objection was "because the question should be confined to who opened this particular sack of seed." The witness answered: "Different ones." Plaintiff objected to the answer and the court sustained the objection; but the court did not strike the answer or withdraw the same from the jury's consideration. On the contrary the witness continued to testify: "I don't know who opened this particular sack, except from information." The defendant had the benefit of this testimony, and the last

statement of the witness met the very objection made to the first question. The defendant was not harmed by the court's ruling, and so this assignment is without merit.

The tenth and eleventh assignments predicate error upon the court's sustaining plaintiff's objection to the following questions propounded by defendant to the witness Stringfellow: "Did you ever see one of Peter Henderson's catalogues?" "When you went in Peter Henderson's store did you see that big sign about non-warranty?"

The court ruled correctly in sustaining objections to these questions. They were not in cross of the examination in chief. The witness was the plaintiff in the case. On his direct examination he had not been asked anything about Henderson's catalogue or about his store or the question of warranty. The defendant did not make the witness his own witness.

It is contended that these questions were asked to prove the plea that the seed in question were sold subject to the custom of seed merchants in New York. There was no preliminary proof that Henderson was a seed merchant in New York, though it seems to have been assumed.

The twelfth assignment of error is based on the refusal of the court to sustain defendant's objection to the following question propounded to the witness Stringfellow: "You stated in your cross examination that you replanted other cucumber seed in the rows between these Vaughn seed—now state to the court and jury whether or not those other seed produced cucumbers of a marketable character." The defendant objected to the question "because it was irrelevant and immaterial, and has nothing to do with this case." These objections are too general and they were properly overruled. Besides this, the tes-

timony was material, because it tended to prove the issue that the failure of the Vaughn seed to produce the character of cucumber desired was due to the quality of the seed and was not caused by the character of the soil or the cultivation thereof.

The thirteenth, fourteenth and fifteenth assignments may be considered together. At the conclusion of a part of the testimony given on the re-direct examination set forth in narrative form, the transcript shows: "Defendant objected to testimony, and defendant's counsel moved to strike out the testimony preceding, because it is irrelevant and immaterial and has nothing to do with the case. The objection was overruled, motion denied. Defendant excepted." These objections were too general and were properly overruled. Besides, the "preceding testimony" was but a repetition of testimony that had been brought out by the defendant on the re-cross examination of the witness. In this testimony the plaintiff who was testifying explained that he planted twenty-five and one-half acres in cucumber seed bought from the defendant, the Vaughn Seed Store. Some of the seed did not come up, and plaintiff had to replant. The plaintiff did not have enough of the seed he got from Vaughn to finish replanting the whole field. There were about six acres where he had about half of a stand. So the plaintiff bought out seed from Thomas to finish the replanting. About three acres were replanted with the Thomas seed. The Thomas seed produced good marketable cucumbers, so the plaintiff made out his bill or claim for damages against the defendant for planting, cultivation, fertilizing and irrigating twenty-two and one-half acres. This testimony was in explanation and proof of the items in plaintiff's bill of particulars.

The defendant asked the plaintiff: "How much did

you get from the replants which were on the 22½ acres, for which you sued, and how much did you realize out of the crop?" The witness testified that his "claim is made for 22½ acres from which I did not get a cent." He explained that he replanted about half of the crop of 25½ acres with other seed which he purchased from said Thomas, "but in all of the crop, except in about six acres, there were so few replants that we never bothered with them, we threw them out, and six acres were planted in Thomas and Vaughn seed—half of the Vaughn seed and half of the Thomas seed," so the defendant could not be allowed to show how much the plaintiff realized on the whole crop of 25½ acres. Three acres were replanted in the Thomas seed and the plaintiff did not sue for damages in cultivating the three acres planted in the Thomas seed.

The sixteenth assignment of error is based upon the court's overruling defendant's objection to the following question propounded to the witness W. A. Strickland: "They were not marketable, salable cucumbers?" The question was objected to as being immaterial and irrelevant to the issues in the case. The only argument made by plaintiff in error in support of this assignment is the statement: "We will endeavor to show in subsequent assignments that whether or not these were marketable, salable cucumbers was not in issue, and that this evidence simply tended to confuse the jury and prejudice the defendant." We accept the invitation to consider the question sought to be raised here when we come to consider other assignments, pointing out, as we go, that this question was a leading question.

The seventeenth assignment of error is dismissed by counsel for plaintiff in error with the statement that "the argument of the preceding assignment applies to

this." We will remark further that the very question presented here has been considered and disposed of by our discussion of the third assignment.

The eighteenth assignment is based upon the court's sustaining an objection by plaintiff to the following question propounded by defendant to the witness W. S. McDowell: "Did you know at the time you got those seed the usual conditions under which seed are sold?" The objection was properly sustained because it was not in cross of the direct examination. The witness was not examined in chief on his knowledge of the conditions under which the seed were sold. The defendant could have made Mr. McDowell his witness for the purpose desired, but he did not do so.

The nineteenth assignment is based upon the court's sustaining plaintiff's objection to the following question propounded to the witness E. M. Beville: "Isn't there a paper usually in the top of the bag like that?" There was no error in this ruling. The witness stated that he opened the bag of seed and there was no such paper as a disclaimer.

The twentieth assignment of error predicates error upon the court's sustaining plaintiff's objection to the following question propounded to the witness E. M. Beville: "What is the effect of such?" This question had reference to the preceding statement of the witness that he knew the effect of excessive use of water on a crop. The witness had testified that he "was foreman out there (for Stringfellow, the plaintiff), and had complete control of the management of the farm and attended to the irrigation of the farm. There was no error here. The question was not in cross examination of anything said by the witness in chief.

The twenty-first assignment of error is predicated upon

the court's overruling defendant's objection to the following question propounded to the witness, Beville, on his redirect examination: "State whether or not in the planting and cultivation of these seed—the Vaughn seed —were they cultivated in the usual and customary manner as adopted by all planters in the culture of cucumbers, or cucumber seed, in this climate?" The defendant objected "because it is seeking the opinion of the witness, is irrelevant and immaterial, and is not the proper way to determine whether or not the cucumbers were properly planted, cared for and cultivated—the method used and the means employed being the best evidence." There was no error in this ruling for the reason that on his cross examination the witness had stated with the greatest fullness all the methods and details of the planting and cultivation of these particular seed. The witness had had nine years experience in the planting and growing of cucumbers. After stating these facts fully it was not reversible error to permit the witness to state as his opinion that the seed were cultivated in the usual and customary manner in that locality. 5 Ency. of Ev. 714 and cases cited.

The twenty-second assignment is based upon the court's sustaining plaintiff's objections to the 7th, 8th, 12th, 14th, 21st, 23rd and 28th questions and answers in the deposition of John Charles Vaughn, a witness for the defendant.

Different errors in regard to the admission or exclusion of evidence should not be joined in one assignment, for if any of the rulings complained of are correct the assignment must be overruled. 2 Cyc. 986, 991; Daniel & Finley v. Seigel-Cooper Co., 54 Fla. 265, 44 South. Rep. 949. The 21st question to Vaughn is the same as the 6th question propounded to the witness Robinson,.

and was properly excluded for the reason pointed out in our discussion of the 35th assignment. So this assignment falls.

The twenty-third assignment is based upon the court's exclusion of the twenty-fourth and twenty-sixth interrogatories to the defendant's witness Edward Hallberg upon objection by the plaintiff. There was no error. The court properly excluded the questions and answers of the witness Hallberg because they brought out hearsay evidence in the form of letters from two parties that certain orders filled by the defendant produced satisfactory results.

The twenty-fourth assignment of error: L. W. Wheeler, a witness for the defendant, testified that he was the manager of the New York office of the Vaughn Seed Store, and had been such manager for seven years, his business is a seedsman.—"At the time that the order from Mr. Stringfellow was filled, we didn't have fifty pounds of any other kind of seed in the house. I know that we did not have fifty pounds of any other kind of cucumber seed in the house from our stock book the original of which I have in my possession. The copy I have here is a copy of the original book made by myself." Thereupon, defendant offered in evidence a "drawn off statement from the stock book," to which plaintiff objected, "because it is wholly irrelevant and immaterial—the original is the best evidence." The objection was sustained, and this ruling is made the basis of the twenty-fourth assignment of error. There was no error here, because the statement made from the stock book by the witness and offered in evidence was not the best evidence, the witness having the original stock book in his possession, and because every fact which he wished to prove by said statement had been already testified to by the witness

and without objection.   17 Cyc. 368-9; 2 Ency. of Ev. 313-315; Huffman v. Knight, 36 Oregon 581, 6 Pac. Rep. 207.

The twenty-fifth assignment of error is, "The court erred in refusing to allow the defendant to file in evidence two original orders of W. S. McDowell for cucumber seed to be shipped to J. D. Stringfellow and a part of the C. O. D. envelope accompanying said shipments."

The contention of the plaintiff in error is that these orders should have been allowed as tending to show that the plaintiff had knowledge of the existence of the disclaimer of warranty.   The papers offered do not show any such disclaimer, consequently there was no error here.   What is said here disposes of the twenty-sixth assignment also.

The twenty-seventh assignment is:   "The court erred in sustaining plaintiff's objection to the introduction in evidence of the duplicate letter dated July 25, 1904, to W. S. McDowell, which letter was signed by McDowell for the purpose of showing the scope of his employment and the extent of his authority as the agent of the defendant in refusing to allow the same to be filed and read in evidence."   No prejudicial error has been made to appear in excluding this letter defining the authority of Mr. McDowell because there is nothing in this letter which bears upon any issue in this case, even if Mr. Stringfellow had seen it and knew all about it.   There is no question in this case about the prorata or full delivery of seed which were ordered in this case by McDowell, and the letter deals only with the question of Mr. McDowell's power to promise full or pro rata delivery of seed ordered by him for his customers.

The twenty-eighth assignment of error is based upon the court's refusal to permit the witness Hill to answer the following question:   "What effect has blight had on

the total average crop in Florida?" What effect blight had on the total average crop of cucumbers in Florida has no bearing upon the issues in this case so far as we can see. There was no error.

The twenty-ninth assignment is based upon the refusal of the court to permit Mr. Jarvis to answer the following question: "On what class of land is blight more liable to come than on other kinds?" The relevancy of this question was not apparent and there was no offer made by the defendant to make such relevancy appear or to connect anything the witness might say with the lands of Mr. Stringfellow.

The thirtieth assignment is based upon the refusal of the court to allow the witness McDowell to answer the following question: "During the Spring of 1905, can you name some parties who had satisfactory results from cucumber seeds which were purchased from Vaughn of the variety known as Arlington White Spine which you saw yourself?" Though the court did not permit this question, it was subsequently fully answered by the witness, he giving the names of several parties to whom he had sold said seed where the results were satisfactory and the fruit produced was good, but he gave two instances in which the results were not good.

The thirty-first assignment has been disposed of by what we have said about the twenty-eighth assignment of error.

The thirty-second assignment predicates error upon the court's sustaining objections to the 10th, 11th, 12th, 13th, 14th, 15th and 16th questions and answers in the deposition of one Carl Crop. These objections are all grouped in one assignment, and the 10th question propounded to Carl Crop is: "State whether Vaughn Seed Store made trials of certain cucumber seed at their trial

grounds in Western Springs, Ill." We think the court did not err in excluding this question. It does not identify the seed as being of the same lot as that sold to Stringfellow and does not identify the time of the trial, nor tend to elicit testimony that the conditions were similar to those under which Stringfellow planted the seed he bought from the defendant. As there was no error in the ruling of the court on this question we will not consider the other objections.

The thirty-third assignment is based upon the court's sustaining plaintiff's objection to the seventeenth interrogatory and answer contained in the deposition of Carl Crop. The question propounded to the witness is as follows: "If you have stated in your answers to the foregoing questions that you are a seedman and have been in the business for some time and acquainted with the said business and the conditions under which it is operated, state if you know what the custom of seed merchants in reference to the sale of seed under a warranty or disclaimer and give the source of your knowledge, and state whether any seed merchants to your knowledge sell seeds other than on the usual conditions. Also state what are the usual conditions." This question and the answer thereto was not limited to the proof of the custom of seed merchants in the city and State of New York as alleged in the plea, but undertook to prove the custom of seed merchants generally, and of such a custom there had been no proof and there was no tender of proof that the plaintiff had knowledge of any such custom.

The thirty-fourth assignment has been disposed of by what has been said in the thirty-second assignment.

The thirty-fifth assignment is based upon the court's sustaining plaintiff's objection to the 6th, 9th, 10th and

11th questions and answers contained in the deposition of J. C. Robinson. The 6th question called for an expression of the witness' opinion as an expert upon an article written by Philip de Vilmorin read before the World's Fair Horticultural Congress in 1893 in relation to the mixing of cucumber and other vine seeds. We think this question was objectionable as calling for the opinion of the witness upon what at best was but hearsay testimony. 5 Ency. of Ev. 634; 16 Cyc. 1213, 1214; 17 Cyc. 270; Root v. Boston Elevated R. Co., 183 Mass. 418, 67 N. E. Rep. 365. The ruling of the court upon the 6th interrogatory being proper, this assignment grouping four different objections must fall.

The thirty-sixth assignment charges that the court erred in sustaining plaintiff's objection to the defendant placing in evidence that part of the catalogue gotten out by Vaughn Seed Store for 1905, containing the non-warranty or disclaimer. The transcript of the record before us does not sustain this assignment. The catalogue offered in evidence was for the year 1906, and there was no proof or offer to prove that the catalogue for 1906 contained the non-warranty or disclaimer similar to that contained in previous catalogues.

The thirty-seventh assignment raises a question similar to the one presented by the 36th assignment, and what we have said disposes of it.

The thirty-eighth assignment is predicated upon the court's overruling defendant's objection to the following question propounded to the plaintiff Stringfellow when testifying in rebuttal: "Was Mr. McDowell ever employed by you as your agent to purchase seed for you?" The ruling of the court was correct. The question called for testimony as to a fact, and not the conclusion of the witness. See Edwards v. Law, 46 Fla.

203, 36 South. Rep. 569; 3 Wigmore on Ev. § 1960; Sax v. Davis, 81 Iowa 692, 47 N. W. Rep. 990; 5 Ency. Ev. 553; Parker v. Bond, 121 Ala. 529, 25 South. Rep. 898; Spor v. Gram, 85 N. Y. Supp. 876. What we have said disposes of the thirty-ninth assignment.

The fortieth assignment of error is based upon the court's overruling defendant's objection to the following question propounded to the plaintiff: "State whether or not you properly planted in the ordinary and usual manner of planting seed in Alachua county, the seed purchased from this defendant company in 1905, and about which this controversy has arisen." This assignment is wholly without merit and illustrates the character of so many of the objections made during the trial of this case. The defendant objected to this question on the ground that this witness was not competent to answer this question "because in his direct testimony he stated he didn't know whether they were planted or not." On page 43 of the transcript, we find this witness testified, on his direct examination, as follows: "I probably used more care and caution in the planting of these cucumbers than I did any others, because I made a specialty of cucumbers that year. I planted and replanted; irrigated and fertilized them, and did everything that a reasonable man could do to make a first class crop."

The further objection was made to this question because it called for the opinion of the witness and the facts should be given. In answering this question the witness stated in great detail the facts showing how the land was prepared, fertilized and the seed planted, and concluded by saying this was the usual and customary manner of planting such seed. There was no error in this ruling. 5 Ency. of Ev. 553.

The forty-first assignment is based upon the court's

overruling the defendant's objection to testimony as follows: "because it is irrelevant and immaterial and impertinent." We have said so many times that this objection is so general that it will not be considered.

There is as little merit in the forty-second assignment as in the preceding ones, but if we merely copy each assignment this opinion will run to great length. We could write at great length in an effort to show what little merit there is in many of the objections made by the defendant. Many of these assignments present questions that have been ruled on time and again by this court. It will be of no benefit to the members of the bar to burden the pages of our reports with a discussion of many of the questions found in this case. We will content ourselves with discussing the most important questions to be decided. We have given most patient examination to each and every assignment and find no reversible error herein.

The forty-third assignment is covered by what we have said about the fortieth assignment.

The forty-fourth, forty-fifth, forty-sixth, forty-seventh, forty-eighth, forty-ninth, fiftieth and fifty-first assignments are without merit. They relate to objections made by the defendant to the admissibility of testimony, and much we have already said will apply here also.

The fifty-fifth assignment of error is based on the giving of the first and second instructions requested by the plaintiff. We find no error in the first instruction, and therefore this assignment fails.

The fifty-sixth assignment of error embraces the refusal of the court to give fourteen instructions requested by the defendant. The court properly refused to give the first of these, which is the fifth because it was in-

applicable to the evidence in the case.    So this assignment fails.

The fifty-seventh and fifty-eighth assignments of error are based upon the overruling of the motion for new trial and that the verdict is not supported by the evidence. We have carefully read and considered the evidence and think the same is sufficient to support the verdict.

The judgment is affirmed.

Taylor and Hocker, JJ., concur;

Shackleford, C. J., and Cockrell and Whitfield, JJ., concur in the opinion.