THE GEISER.[1]

*(District Cour', E. D. New York. March 4, 1884.)*

DAMAGE TO CARGO BY HEAT FROM STEAM-PIPES—BILL OF LADING—CONSIGNEE'S RIGHT OF ACTION—ADVANCES.

Where cabbages were stowed in the between-decks of a steam-ship, and were injured by heat from steam-pipes placed around the room where the cabbages were, for the purpose of warming the room when used, as it was intended, for steerage passengers, and it appeared that, the pipes being new and in some places obstructed, extra steam was put on in them to keep the chart-room warm, *held*, that the vessel was negligent and liable to the shipper for the damage done; that, though the shipper had expressed himself satisfied to have the cabbages stowed as they were, he could not be supposed to have assented to the pipes being unduly heated as they were; that the fact that the consignees who sued on the bill of lading had afterwards been paid their advances, did not destroy their right of action upon the contract.

In Admiralty. Action on bill of lading by consignee of cargo.

*Clarence Cary*, *(Alex. Cameron*, counsel,) for libelants.

*Jas. K. Hill, Wing & Shoudy*, for claimants.

BENEDICT, J. This action is to recover for non-delivery in good order of a consignment of cabbages shipped in Copenhagen, on board the steam-ship Geiser, to be transported therein to the port of New York. The cabbages were stowed in the between-decks, and upon their arrival in New York a large portion of them were decayed, being then, according to the witnesses, about the consistency of soup. This condition of the cabbages was not owing to their condition when shipped. Then they were hard and sound. Nor was it owing to an unusually severe voyage. Quantities of cabbages in various vessels have endured a voyage of equal severity without decay or injury.

[1] Reported by R. D. & Wyllys Benedict, of the New York bar.

What destroyed the cabbages in this instance was heat developed in steam-heating pipes which were placed around the room, in which the cabbages were stowed, for the purpose of warming the place when used, as it was intended to be used, for transporting steerage passengers. On this voyage these pipes were kept unduly heated, whereby the place was kept hot. I incline to the opinion that it was negligence on the part of the ship to have any steam in these pipes so long as the cabbages were stowed near there; but, however that may be, certainly it was negligence to heat the pipes as the proof shows they were heated on this occasion. The fact is that the steam-pipes of the ship, being new, were in some places obstructed, and in an effort to keep the chart-room warm by putting on extra steam, an extraordinary heat was developed in the pipes where they ran by the cabbages. And although the cabbages were nearly cooked by these pipes, and the ship filled with the odor, the presence of extraordinary heat in the pipes does not seem to have been discovered until the arrival of the vessel in New York. Ordinary diligence would have disclosed the fact that in the effort to keep the chart-room warm the pipes running by the cabbages were being unduly heated; and, under the circumstances, it was negligence to apply great heat to the cabbages, for which the ship is responsible.

There is nothing in the point that the shipper expressed himself satisfied to have the cabbages stowed as they were. He had, as I think, the right to suppose that the pipes would not be heated at all, so long as the room was used to stow cabbages. At any rate he cannot be supposed to have assented to the pipes being unduly heated as these pipes were.

The right of the libelants to maintain their action has not been successfully disputed. The contract sued on was made with them. The cabbages were consigned to them, and they had at that time an interest in them to the extent of their advances. The fact that since the contract was made they have been paid their advances does not destroy their right of action upon the contract made with them.

There must be a decree for the libelants, with an order of reference to ascertain the amount of the loss.