JAMES MURPHY, Appellant, v. FRANK OLBERDING.

**Slander: LARCENY:** *Justification.* Defendant owned wire on a line fence between himself and plaintiff. ˙ Plaintiff removed the wire from the old posts, and placed it on new ones set by him on or near the line. Defendant accused him of stealing the wire and in an action for slander pleaded the truth in justification. *Held,* that the wire was part of the realty, and defendant's acts did not constitute larceny, and that a verdict for defendant was not supported by the evidence. .

**Secondary Evidence: JURY QUESTION.** A copy of a contract being offered, a witness testified that he had once had the original, but that it had been blurred with ink by his children; that he made the copy, and destroyed the original. *Held,* that the copy was admissible though made after such suit was brought, since any suspicious circumstances attending the loss of the original were for the jury.

**CONCLUSIONS.** A statement by a witness that certain property in controversy belonged to him is not inadmissible as a conclusion, since the question calls for a fact as well as an opinion.

*Appeal from Carroll District Court.*—HON. Z. A. CHURCH, Judge.

MONDAY, FEBRUARY 6, 1899.

ACTION for slander.  Verdict and judgment for defendant, and plaintiff appeals.—*Reversed.*

*Geo. W. Paine* for appellant.

*A. T. Olerich* for appellee.

DEEMER, J.—The slanderous words were: "You damn Irishman! You stole my wire." The speaking of these words was admitted, but defendant pleaded in justification that he spoke the truth. Defendant was permitted to offer in evidence the copy of a written contract between himself and Mrs. Kernan, plaintiff's grantor, concerning the erection of a fence upon or near their division line, from which the wire that plaintiff was charged with having stolen was taken. Defendant testified that he at one time had the original contract, but that it had been blurred with ink by his children; that he put some grease upon it, to bring out the writing, made the copy which was introduced in evidence, and threw the original away, believing it was of no further use; and that he had made search for the original, and could not find it.

Surely, the copy was admissible, although made after this suit was brought. If there were any suspicious circumstances connected with the loss of the original, they were for the jury. *Livingston v. Rogers,* 2 Johns. Cas. 488; *Jackson v. Woolsey,* 10 John. 453; *Smith v. Inhabitants of Holyoke,* 112 Mass. 517.

II. In response to a question from his counsel, defendant was permitted to state that the wire belonged to him. This is said to be a conclusion of the witness, and therefore inadmissible. We have recently held that such conclusions are admissible; that the question calls for a fact as well as an opinion. *Huesinkveld v. Insurance Co.,* 106 Iowa, 229; *Sax v. Davis,* 81 Iowa, 692; *Jamison v. Weaver,* 81 Iowa, 212; *State v. Brooks,* 85 Iowa, 366; *Jack-*

son v. Jackson, 97 Ala. 372 (12 South. Rep. 437); Steed v. Knowles, 97 Ala. 573 (12 South. Rep. 75); Bradner Evidence, p. 393; Knapp v. Smith, 27 N. Y. 279; Caspar v. O'Brien, 47 How. Prac. 80.

III.   Viewed in its most favorable light for defendant, the evidence discloses the following state of facts:  Defendant was the owner of the wire, which was attached to posts set on or near the line between his and plaintiff's farm.   Plaintiff took the wire off the old posts, and put it upon new ones set by him on or near the line, where it still remains.   It also appears that plaintiff thought he had a right to some of the wire, as he was rebuilding the fence because of the defective condition of the old posts. There are many reasons why this did not constitute larceny. In the first place, the wire attached to the old posts was a part of the realty; and plaintiff, in taking it therefrom, and attaching it to his own, was guilty of nothing more than a trespass upon defendant's property.   The wire in this case was a part of the realty, and, as the severance was made by the wrongdoer himself, his use of the wire in the manner shown is not larceny, for the reason that he did not take and carry away the personal property of another.   That which was severed was in his possession as a part of the realty. State v. Berryman, 8 Nev. 262; People v. Williams, 35 Cal. 671; Langston v. State, 96 Ala. 44 (11 South. Rep. 334). If plaintiff, after taking the wire, had abandoned it, even for a short period of time, and subsequently carried it away, or appropriated it to his own use, he might have been guilty of the crime charged.   4 Blackstone Commentaries, p. 232; Holly v. State, 54 Ala. 238; State v. Parker, 34 Ark. 158; State v. Hall, 5 Har. (Del.) 492.   Again, there is no evidence of the animus furandi.   Plaintiff simply placed the wire on new posts, in almost exactly the same situation as before he removed it from the old, and there was no evidence of any intent to convert the property to his own use.   State v. Barrackmore, 47 Iowa, 684.   There was no evidence to

support the verdict returned, and the court should have sustained plaintiff's motion for a new trial. *Organ Co. v. Caldwell,* 94 Iowa, 584.—REVERSED.