## HAWLEY v. BOND.

In an action to recover property levied on, alleged to belong to plaintiff and not to the judgment debtor, plaintiff was entitled to testify that the property was hers, in answer to a question as to who was the owner at the time of the levy, over an objection that the question called for the witness' opinion, and not for a fact.

Where, in an action by a wife to recover certain property levied on as belonging to her husband, there was other evidence supporting plaintiff's claim, in addition to statements of plaintiff and her husband that she was the owner of the property, it was proper for the court to refuse to direct a verdict for defendant.

In an action by a wife to recover a cow levied on as the property of her husband, it was not error for the court to enter judgment in plaintiff's favor on a general verdict returned, notwithstanding the jury's failure to answer a special interrogatory submitted as to whether plaintiff or her husband purchased the cow.

(Opinion filed, Nov. 29, 1905.)

Appeal from Circuit Court, Minnehaha County. Hon. J. W. Jones, Judge.

Action by Lena M. Hawley against Amon P. Bond. From a judgment for plaintiff, defendant appeals. Affirmed.

*Joe Kirby,* for appellant. *Bates* & *Parliman,* for respondent.

CORSON, J. This is an action in claim and delivery to recover possession of a certain cow alleged to have been taken and detained by the defendant as constable under an execution issued upon a judgment against plaintiff's husband. The verdict and judgment being in favor of the plaintiff, the defendant has appealed.

The only errors assigned which we deem it necessary to consider are: (1) That the court erred in overruling the objection of the defendant to a question propounded to the plaintiff while testifying in her own behalf; (2) in overruling defendant's objection to a question propounded to witness L. C. Hawley; (3) in denying defendant's motion to direct a verdict in favor of the defendant made at the close of the trial; * * * (5) in accepting the general verdict without an answer to the interrogatory submitted to the jury being returned with their general verdict.

The plaintiff and L. C. Hawley were husband and wife, and plaintiff claims to be the owner of the cow by virtue of a purchase

made of the same and paid for out of her own individual means. It is claimed by the appellant that the cow belonged to the husband, L. C. Hawley, and therefore was subject to be taken upon an execution issued upon a judgment recovered against him. It will thus be seen that the material question in the case was as to who was the owner of the cow at the time of its seizure by the constable. The plaintiff, as a witness on her own behalf, was asked by her counsel the following question: "Who was then the owner of that cow?" The appellant objected to the question for the reason that it called for the conclusion of the witness and not the statement of a fact. Objection was overruled, and the appellant excepted. Her answer was, "It was my cow." It is contended by the plaintiff in support of the judgment of the court below that the question was clearly competent as coming within the exception to the general rule that a witness can only testify to facts and not conclusions of law. We are inclined to take the view that the plaintiff is right in her contention. In the class of cases involving the ownership of personal property, the authorities seem to sustain the position that such a question may be asked. In the case of De Wolf v. Williams, 69 N. Y. 621, which seems to have been very analogous to the case at bar, the Court of Appeals of New York affirmed the decision of the lower court in holding that a similar question was proper, and in the statement of the case by the reporter, it being a memorandum opinion, he says: "After plaintiff had testified that she went to housekeeping, * * * that she took into the house some furniture which she bought before her marriage, and bought some other articles, she was asked: 'Whose was the property in the house 516 Pacific street?' This was objected to 'as a question of law.' The objection was overruled, and witness answered that it was hers. Held, that the question and answer were proper; that the title to property was ordinarily a simple fact, to which a witness having the requisite knowledge could testify to directly." This decision is referred to and cited with approval in Nicolay v. Unger, 80 N. Y. 54, and in its opinion the court says: "There are cases which hold that, where the question involves a fact clearly within the knowledge of the witness and not the expression of an opinion on

the facts proven, it is admissible.  De Wolf v. Williams, 69 N. Y. 621; Knapp v. Smith, 27 N. Y. 277; Sweet v. Tuttle, 14 N. Y. 465; Davis v. Peck, 54 Barb. 425." The Supreme Court of Iowa, in Murphy v. Olberding, 107 Iowa, 547, 78 N. W. 205, holds a similar doctrine and says: "In response to a question from his counsel, defendant was permitted to state that the wire belonged to him.  This is said to be a conclusion of the witness and therefore inadmissible.  We have recently held that such conclusions are admissible; that the question calls for a fact as well as an opinion." And in support of the same it cites a large number of Iowa authorities. It would seem therefore that the question propounded to the witness in the case at bar was a proper one, and that the court committed no error in overruling appellant's objection to the same.

The same rule applies to the question propounded to the husband, L. C. Hawley, as follows: "State whether you made the purchase of this cow at the request of the plaintiff, Mrs. Hawley." It may be presumed that upon a cross-examination all the facts and circumstances relating to the ownership by the plaintiff and the purchase of the property by her husband as her agent were elicited, and the jury therefore not only had the statements of the witnesses, but the facts and circumstances attending the purchase of the cow, from which to determine the ownership of the property.  The cases cited by appellant in support of his contention are clearly distinguishable from the case at bar, as is well illustrated by the case of Nicolay v. Unger, supra, in which the court held, for the reasons therein stated, that a similar question was not competent, and therefore the objection to the same should have been sustained.

It is further contended by the appellant that the court erred in refusing to direct a verdict at the conclusion of the evidence in favor of the defendant.  It is quite evident from an examination of the evidence that the court was clearly right in its refusal to direct a verdict.  There were not only the statements of the plaintiff and her husband as to the ownership of the property being in the plaintiff, but there was other evidence in the case supporting plaintiff's claim.  It would therefore have been clearly error for the court to have granted defendant's motion, as there was evidence

upon the subject of ownership which was proper to submit to the jury.

It appears from the record in this case that the court, at the request of the counsel for the appellant, submitted the following question to the jury: "Who purchased the cow in question of Mr. Buell, the plaintiff, Mrs. Hawley, or her husband, L. C. Hawley?" To which the jury returned no answer, but, notwithstanding this railure on the part of the jury to return an answer to the question propounded to them, the court entered judgment upon the general verdict in favor of the plaintiff. It is contended by the appellant that, in entering the general verdict without requiring the jury to pass upon the question presented by the special finding, it committed error for which a new trial must be granted. It is insisted by the respondent that the question propounded to the jury was a practically immaterial question, as either answer thereto would not in any manner affect their general verdict, and that, had the jury answered the question either way, it would still have been the duty of the court to enter a judgment in favor of the plaintiff, and that the rule contended for by the appellant only applies to a special finding which would necessarily affect the judgment of the court and which might have the effect to have prevented a judgment upon the general verdict in favor of the plaintiff. And the respondent contends that this identical question was decided by the territorial Supreme Court in McCormack v. Phillips, 4 Dak. 506, 34 N. W. 39, adversely to the contention of the appellant, and that the question is therefore *stare decisis* in this court. We are inclined to take the view that, though somewhat irregular for the court to enter judgment without requiring an answer to the question submitted, it does not constitute reversible error, following the decision of the Supreme Court of the territory in the case cited. The question of the effect of a general and specific verdict and a special finding was fully discussed by the court and the conclusion arrived at that: ."When all the material issues in the case are fairly and fully submitted to the jury under proper instructions, and a general verdict covering all the issues is returned, it is not error to refuse to submit to the jury special questions of fact, nor is it error in such

case if the jury fail to answer such special questions." That learned court in discussing this question, after quoting the sections of the code which have not been amended since writing that opinion, and being section 271, Rev. Code Civ. Proc. says: "It will be seen that this section plainly provides for three distinct acts or things, namely, a general verdict, a special verdict, and a special finding of fact. The jury, in an action for the recovery of money only, or specific real property, may render either a general or a special verdict, in their discretion. And in all other cases the court, in its discretion, may ..irect the jury to find a special verdict in writing, upon all or any of the issues. Then follows a broad provision giving the court power, to be exercised in its discretion, in all cases to instruct the jury, if they render a general verdict, to find upon particular questions of fact, to be submitted to them in writing, and the court may direct the finding to be in writing. The jury cannot in the same case return a special and a general verdict, or a special verdict and a special finding, but they may render a general verdict and return with it a special finding of fact. If the special finding and the general verdict cannot stand together, by reason of the former being inconsistent with the latter, the special finding survives and controls, and the court must give judgment in accordance therewith. But nowhere in our laws is there any provision or requirement that makes a general verdict invalid when the jury rendering it have failed to return a special finding upon particular questions of fact submitted to them in writing, neither does any good reason indicate or prove such invalidity, particularly when the general verdict covers and determines all the issues in the case. There is nothing in this section 261, nor elsewhere in the Codes, giving to any litigant the right to decide or dictate what shall or shall not be submitted to the jury, or the right to have any question submitted to the jury and a special finding by them thereon."

It will be observed that in finding the general verdict the jury in effect answered and decided the question submitted to it by the special interrogatory, and the question submitted to the jury was not decisive in the case. The issue was not as to who pruchased the cow, but who was the owner of the cow. It clearly appears from

the evidence that the purchase was made by the husband, but it was claimed, and that was the question for the jury to decide, that the purchase was made by the husband as agent of his wife, for her, and with her money. The jury must necessarily, in finding for the plaintiff, have found that such was the fact, and hence, had they answered the interrogatory that the husband bought the cow, it would have determined nothing material in the case, as it was virtually conceded that the act of purchase was performed by the husband. Had the jury answered the question in the negative, it would clearly have been indecisive of any issue in the case. It would seem, therefore, that the failure of the court to require the jury to answer the question propounded did not constitute prejudicial or reversible error. Undoubtedly there might be cases in which the failure of the court to require the special interrogatory to the jury to be answered would constitute reversible error, as the result of such a finding might be to determine the character of the judgment to be rendered in the action, and the question presented upon which the jury were required to find might not be determined by the general verdict; but in the case at bar no such result could follow. If answered either way, it would in no manner affect the judgment rendered, and the question presented by the interrogatory must necessarily have been determined by the general verdict. In holding, therefore, that the failure of the court in the case at bar to require the jury to return an answer to the special interrogatory before rendering the judgment does not constitute a reversible error, we must necessarily be confined to the case at bar, and cases of a similar character, and cannot be held to establish a general rule applicable to all cases.

Finding no error in the record, the judgment of the court below and order denying a new trial are affirmed.