KNITTLE, Respondent, v. ERNST et al (KUPFER, Intervener), Appellants.

(168 N. W. 754).

(File No. 4344. Opinion filed Sept. 3, 1918. Rehearing denied November 4, 1918).

**Witnesses—Transactions with Deceased—"Ownership," Testimony To, Distinguished from Testimony with Deceased Concerning—Statute.**

Plaintiff, in a suit against representatives of her deceased mother, to recover possession of a cow, was competent to testify categorically in response to the question, "Who was the owner of this cow?" "I was," so long as she herself did not testify to matters constituting a transaction between herself and her deceased mother, from whom she had received the animal as a gift; since said question as propounded seeks simply to identify and connect plaintiff's title, or ownership, with the property which is the subject of the action, rather than proba-

tive evidence of abstract ownership; although she could not have supported her answer by testimony that she had been given the cow by her mother.  Construing Code Civ. Proc., Sec. 486.

Smith, J., dissenting.

Appeal from Gregory County Court.  HON. CHAS. A. DAVIS, Judge.

Action by Sarah Knittle, against Alfred Ernst, in which Walter H. Kupfer, as guardian of the person and estate of Jacob Ernst, an incompetent person, intervenes.  From a judgment for plaintiff, and from an order denying a new trial, defendant and intervener appeal.  Affirmed.

*M. L. Parish,* and *E. O. Patterson,* for Appellants.

*W. J. Hooper,* for Respondent.

Appellants cited:

Jones Commentaries on Ev., Blue Book, Vol. 4, p. 710, Sec. 779 (791), and cases cited.

Respondent cited:

Hawley vs. Bond, 20 S. D. 215.

McCOY, J.  This action was instituted to recover possession of certain live stock and household furniture.  There was verdict and judgment for plaintiff, from which defendants appeal.

Respondent claimed to be the owner of the property in question, and at the trial, to sustain her claim of ownership, went upon the stand and testified as a witness in her own behalf.  On direct examination she was asked the question, "who was the owner of this cow at the time of the commencement of this action?"  Appellants' counsel objected to the question on the ground that the witness was incompetent to testify as to her ownership of the property under section 486, C. C. P., and asked leave to examine the witness as to her competency under the statute, which was granted.  Whereupon appellants' counsel said, "Let her answer the question."  The answer was, "I was."  Then appellants' counsel interrogated the witness as follows:

"Sarah, you say that you are owner.  Did you mean to say that you got this cow, from your mother? A. Yes. Q. Your mother gave her to you? A. Yes. Q. Your mother is dead? A. Yes."

Appellant then moved to strike the answer for the reason that she had not shown herself to be qualified to testify as to ownership under section 486.  This motion to strike was overruled.  It is now

contended by appellant that this refusal of the court to strike the answer was error.

We are of the view that the court committed no error. We are of the opinion that the respondent was qualified to testify as to ownership so long as she herself did not testify as to matters constituting a transaction between herself and her deceased mother. She had the perfect legal right to substantiate her cause of action by proper evidence, and to submit testimony as to her ownership, and to submit her own testimony as to ownership, based upon the testimony of others who were competent to testify. The question of ownership such as was propounded to the witness in this case seeks to identify and connect the plaintiff's title, or ownership, with the property which is the subject of the action, and was material evidence for the purposes of such identification, rather than probative evidence of abstract ownership. Respondent had the right to answer the question asked her by her counsel. Hawley v. Bond, 20 S. D. 215, 105 N. W. 464; Hess v. Railway Co., 30 S. D. 538, 139 N. W. 334. She could not, however, have supported her answer by testimony that she had been given the cow by her mother. But it was incumbent upon her, just as she did in this action, to introduce the testimony of other competent witnesses showing the facts and circumstances of her ownership.

After careful consideration of all the evidence submitted, we are of the view that the same is sufficient to sustain a verdict; whether the property in question was given to respondent by her mother, and whether delivery was made, were purely questions of fact to be decided by the jury on the evidence and instructions of the court. Other assignments of error relating to the reception and rejection of testimony are made, but we are of the view that no prejudicial error exists in relation thereto.

Judgment and order appealed from are affirmed.

SMITH, J. (dissenting). The fact of ownership in this case is plainly a conclusion of the witness drawn from transactions with her deceased mother, as to which transactions the majority opinion as well as the statute declares her incompetent to testify.

The majority conclusion is founded upon the rule announced by this court in Hawley v. Bond, 20 S. D. 215, 105 N. W. 464. The precise point decided in that case was that the question as to ownership in that case called for the statement of a fact, and not of an

opinion or conclusion of the witness. The distinction between "ownership as a fact" and "ownership as a conclusion of the witness" may be somewhat difficult to define, but as applied to transactions concerning which the witness is competent to testify, as in Hawley v. Bond, is perhaps not important. But when the witness is incompetent to testify to the transaction upon which the ultimate fact of ownership rests, the rule adopted by the majority opinion amounts to an abrogation of the statute.